# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| Matthew Fisher,<br><br>          Plaintiff,<br><br>v.<br><br>Southwest Credit Systems, L.P.,<br><br>          Defendant. | Civil Action No.: 4:13-cv-00479<br><br>**COMPLAINT**<br>JURY |

For this Complaint, Plaintiff, Matthew Fisher, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), in its illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Matthew Fisher ("Plaintiff"), is an adult individual residing in McKinney, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Southwest Credit Systems, L.P. ("SCS"), is a Texas business entity with an address of 4120 International Parkway #1100, Carrollton, Texas 75007, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

5. A person other than Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Debt was purchased, assigned or transferred to SCS for collection, or SCS was employed by the Creditor to collect the Debt.

8. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  SCS Engages in Harassment and Abusive Tactics**

9. On or around July 2, 2013, SCS began placing numerous calls to Plaintiff's cellular telephone in an attempt to collect the Debt.

10. On several occasions, SCS's calls to Plaintiff's cellular telephone were made using an automatic telephone dialing system ("ATDS") and/or by using an artificial or pre-recorded voice.

11. Plaintiff never provided consent to SCS or the Creditor to be contacted on his cellular telephone.

12. In the initial phone conversation and each thereafter, SCS stated that it was calling for Mr. Adler (the "Debtor").

13. During phone conversations on or about July 2, July 18, July 29, and July 30, 2013, Plaintiff informed SCS that he was not the Debtor and that the Debtor could not be reached at his cellular phone number.  Plaintiff then requested that SCS cease the automated calls to his

cellular phone.

14. Nonetheless, SCS continued to hound Plaintiff with automated calls in an attempt to collect the Debt.

C. **Plaintiff Suffered Actual Damages**

15. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

16. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

20. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

22. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Without prior express consent, Defendants contacted Plaintiff by means of automated telephone calls on his cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii). As such, each call placed to Plaintiff is a knowing and/or willful violation of the TCPA, and is therefore subject to treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(C).

25. In the alternative, as a result of each negligent call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 21, 2013

                                                                 Respectfully submitted,

                                                                 By */s/ Jody B. Burton*

                                                                 Jody B. Burton, Esq.
                                                                 Bar No.: 71681
                                                                 LEMBERG & ASSOCIATES L.L.C.
                                                                1100 Summer Street, 3rd Floor
                                                                 Stamford, CT 06905
                                                                 Telephone: (203) 653-2250
                                                                 Facsimile:  (203) 653-3424
                                                                 E-mail: jburton@lemberglaw.com
                                                                 Attorneys for Plaintiff