**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION**

| | | |
|---|---|---|
| MATTHEW FISHER | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-00479 |
| | § | JURY |
| SOUTHWEST CREDIT SYSTEMS, LP, | § | |
| Defendant. | § | |

**DEFENDANT SOUTHWEST CREDIT SYSTEMS' MOTION FOR A MORE DEFINITE STATEMENT AND EXTENSION OF TIME TO FILE ITS ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Southwest Credit Systems, L.P., ("Southwest" herein), and files its Motion for a More Definite Statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and would respectfully show unto the Court as follows:

**I.**

**FACTS**

1.  Plaintiff filed this case on August 21, 2013. (Exhibit A; Doc. 1). The next morning, August 22, 2013, Southwest's in-house attorney saw the Complaint for the first time, and noted that the Complaint did not contain enough information about the Plaintiff to locate the debtor's account and place the proper restrictions.  Southwest immediately emailed Plaintiff's counsel to request more information, specifically the Plaintiff's phone number, which was not listed in the Complaint, and which is essential information in order to prevent further contact with her client, in the event the contact was ongoing. (Exhibit A; Doc. 1).  Plaintiff alleged that the debtor's last name was "Adler," which is likely an unreliably phonetic spelling of a common name, and that we had reached Plaintiff on certain dates.  Southwest Credit's I.T. department was unable to

locate any accounts with the name of Adler, in which Southwest had placed calls on the alleged dates to numbers which had ever been registered to Matthew Fisher. Southwest has exhausted its research capabilities, using the limited information cited in the Complaint, and needs the relevant phone number in order to place any necessary restrictions on that number, if it was ever in Southwest's system, and to properly review the facts of this case make a meaningful evaluation, and properly address the allegations. However, Plaintiff's counsel has refused to provide Southwest with this information without requiring unreasonable concessions. (Exhibit B).

## II.

## ARGUMENT

**A.   Standard of Law.**

2.   FRCP 12(e) states:

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e). "When presented with an appropriate Rule 12(e) motion for a more definite statement, the district court shall grant the motion and demand more specific factual allegations from the plaintiff concerning the conduct underlying the claims for relief." *Thomas v. Independence Township*, 463 F.3d 285, 301 (3d Cir. 2006).

**B.   Plaintiff's Counsel is Risking Harm to Her Own Client.**

3.   Plaintiff has a duty to properly investigate the facts before filing suit, and indeed, it appears that Plaintiff's counsel possesses the relevant phone number, but is purposefully withholding it to defendant's detriment and possibly her client's detriment. (Exhibit B). At this

moment, Southwest might be unwittingly calling Plaintiff, and Plaintiff's counsel is preventing her client from mitigating damages, and is further exposing her client to potential harm. Therefore, to prevent harm or risk of harm to her own client, and to mitigate the damaging effects of Plaintiff's conduct on the reputation of our shared profession, this Court should grant this Motion and compel Plaintiff's counsel to provide Southwest with the phone number at which she alleges Southwest contacted Plaintiff.

**C. Southwest has Not Yet Received Adequate Notice of the Claims.**

4**.** Plaintiff is knowingly preventing Southwest the ability to locate the alleged account which would put Defendant on notice of the facts of this case, and would enable Defendant to begin preparing a defense. Without being able to identify the account in question, Southwest would be unable to respond to most of the allegations in the Complaint. Plaintiff demands that for Southwest to receive the telephone number at issue, it must immediately produce a call log to that number[1]. (Exhibit B). However this is a highly unreasonable and unnecessary demand obstructing the proper path of this case. Any account notes or call log could contain private information on a person other than Plaintiff whereby leading to potential claims under 15 U.S.C. § 1692c(b) and privacy laws. Furthermore, there is no confidentiality agreement in place to protect these fears. This Court should grant this Motion and a 30-day extension for the filing of its Answer, in order to enable Southwest adequate time to acquaint itself with the facts of this case, and properly defend itself.

---

[1] Southwest addresses this issue assuming the possibility that the number was called by Southwest. However, it is unknown at this time if Southwest did in fact call the unknown number that is at issue.

**DEFENDANT SOUTHWEST CREDIT SYSTEMS' MOTION FOR A MORE DEFINITE STATEMENT AND EXTENSION OF TIME TO FILE ITS ANSWER -** **Page 3**
M:\220.0000 Southwest Credit Systems LP\220.0005 Matthew Fisher v. Southwest Credit Systems, LP\Pleadings\2200005.Defendant's Motion for More Definite Statement.docx

## IV.

## CONCLUSION

5. Plaintiff's counsel is using a litigation tactic that is depriving Southwest of basic due process—notice of the claims, and enough facts to give rise to a cause of action. Plaintiff's counsel is also exposing Plaintiff to risks of potential harm, some of which may be the very harm from which he hired Plaintiff's counsel to protect him. The Court should discourage conduct of this sort, which reflects poorly on the profession at large. Southwest respectfully asks this Court to grant this Motion and allow Southwest an extension to file its Answer of 30 days from the date Plaintiff's counsel amends his Original Complaint to contain the alleged telephone number.

WHEREFORE, PREMISES CONSIDERED, Defendant Southwest Credit Systems, L.P. respectfully requests this Court grant its Motion for a More Definite Statement and Extension of Time to File its Answer and any other relief, whether at law or in equity, justly entitled.

Respectfully submitted,

**ROBBIE MALONE, PLLC**

/s/Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
(214) 346-2625
(214) 346-2631 FAX
E-mail: rmalone@rmalonelaw.com

ATTORNEY FOR DEFENDANT
SOUTHWEST CREDIT SYSTEMS, L.P.

## CERTIFICATE OF CONFERENCE

This is to certify that on September 24, 2013, Southwest's counsel Robbie Malone complied with the meet and confer requirement in LR CV-7(h) and that Plaintiff's counsel is opposed to the instant motion.

/s/Robbie Malone

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via ECF on this 24th day of September, 2013 to:

**Jody B. Burton**
Lemberg & Associates, LLC
1100 Summer Street, 3rd Floor
Stamford, CT  06905
(203) 653-2250
(203) 653-3424
jburton@lemberglaw.com

/s/Robbie Malone