**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| Matthew Fisher, <br><br> Plaintiff, <br><br> v. <br><br> Southwest Credit Systems, L.P., <br><br> Defendant. | Civil Action No.: 4:13-cv-00479 |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT AND EXTENSION OF TIME TO FILE ITS ANSWER**

Plaintiff Matthew Fisher ("Fisher") respectfully submits this brief in opposition to Defendant Southwest Credit Systems, L.P.'s ("Southwest") Motion for a More Definite Statement and Extension of Time to File its Answer. (Doc. No. 6).

**BACKGROUND**

Fisher filed the Complaint in this case on August 21, 2013. (Doc. No. 1). The Complaint alleges that Southwest violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), by placing repeated calls using an automatic telephone dialing system ("ATDS") and/or using an artificial or prerecorded voice to Fisher's cellular phone in an attempt to collect a consumer debt from a person with the last name "Adler". (Doc. No. 1 ¶¶ 9-14). The Complaint alleges that Southwest continued to place automated calls to Fisher despite his request that the calls cease because Mr. Adler could not be reached at his number. (Doc. No. 1 ¶¶ 13-14). Fisher requested that Southwest cease calling his cellular telephone on or about July 2, July 18, July 29, and July 30, 2013. (Doc. No. 14).

## ARGUMENT

I. **Legal Standard**

Fed. R. Civ. P. 12(e) allows a party to move for a more definite statement of a pleading when that pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement . . . before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Motions for a more definite statement are generally disfavored because "in view of the great liberality of Federal Rule of Civil Procedure 8 . . . it is clearly the policy of the Rules that Rule 12(e) should not be used to . . . require a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Source Data Acquisition, LP v. Talbot Grp., Inc.*, 2008 WL 678645, at *2 (E.D. Tex., Mar. 11, 2008) (internal citation omitted). In addition, "when a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Hoffman v. Cemex, Inc.*, 2009 WL 4825224, at *3 (S.D. Tex., Dec. 8, 2009) (internal citation omitted). "Nevertheless, parties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading." *Id.*

II. **Defendant has Received Adequate Notice of Plaintiff's Claims**

Southwest argues that Fisher is knowingly preventing Southwest from locating the account on which it was calling Fisher and which is at issue in this case. Even were that true (it is not), defendant misinterprets the purpose of Rule 12(e). "A motion for a more definite statement is not a substitute for obtaining information that may be clarified or developed through discovery." *Phillips Staffing Servs., Inc. v. Spheron Atlantic Workforce, LLC*, 2007 WL 922149, at *2 (E.D. Tex., Mar, 23, 2007) (internal citation omitted). In other words, a motion for a more

definite statement should only be used to "provide a remedy for an unintelligible pleading rather than a correction for lack of detail." *Bazile v. City of Houston*, 2008 WL 4899635, at *5 (S.D. Tex., Nov. 12, 2008).

Here, Southwest does not challenge the Complaint as unintelligible, but rather requests further detail (specifically Fisher's cellular phone number) which it will be able to obtain through discovery. *See Robbins v. The Coca-Cola-Co.*, 2013 WL 2252646, at *4 (S.D. Cal., May 22, 2013) (motion for more definite statement denied in a TCPA case where the defendant sought details that could be obtained through discovery, such as the time and content of the alleged text messages at issue); *see also Scott v. Merchants Assoc. Collection Div., Inc.*, 2012 WL 4896175, at *2 (S.D. Fla., Oct. 15, 2012) (Motion for more definite statement denied where "the defendant d[id] not point to any specific allegations in the Complaint that [were] vague, ambiguous or unclear. Rather, the defendant [sought] to obtain additional facts concerning the plaintiff's TCPA claim.").

In accordance with Rule 8's requirement that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fisher's Complaint alleges that Southwest called him in an attempt to collect a consumer debt from someone with the last name "Adler." After an initial investigation of that allegation, Southwest apparently has not been able to locate calls to Fisher. That information is enough to frame a denial of Fisher's allegations that can be amended later without penalty, if necessary.

Moreover, in response to Southwest's demand for the cellular phone number, Plaintiff made the reasonable condition that it would only be provided upon Southwest's agreement to produce "the phone logs of every call to that number." (Doc. No. 6-1 at 10). Bearing in mind that Fisher is a non-debtor and did not have a relationship with this debt collector until it interrupted his life, Fisher has a significant privacy interest in not disclosing unnecessary

personal information to this debt collector outside the formal litigation process. While not required to divulge his personal information, Plaintiff was willing to provide information in exchange for Southwest agreeing to do the same. Plaintiff even advised (unilaterally) that he would exclude from any claim unlawful calls placed going forward from August 22, 2013. *Id*. Southwest chose to reject Plaintiff's offer and its current complaint rings hollow.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion for a More Definite Statement. Plaintiff does not oppose an extension of time for Defendant to respond to the Complaint.

Dated: October 8, 2013

                                                   Respectfully submitted,

                                                   By */s/ Jody B. Burton*

                                                   Jody B. Burton, Esq.
                                                   Bar No.: 71681
                                                   LEMBERG & ASSOCIATES L.L.C.
                                                   1100 Summer Street, 3rd Floor
                                                   Stamford, CT 06905
                                                   Telephone: (203) 653-2250
                                                   Facsimile: (203) 653-3424
                                                   E-mail: jburton@lemberglaw.com
                                                   Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

  THIS IS TO CERTIFY that on October 8, 2013, a copy of the foregoing brief in opposition was filed via the CM/ECF system for the Eastern District of Texas, which sent notice of such filing to:

Robbie LuAnn Malone, Esq.
Beene & Malone PLLC
8750 N. Central
Ste 1850
Dallas, TX 75231

                <u>Jody B. Burton</u>
                Jody B. Burton, Esq.