**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| MATTHEW FISHER | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-00479 |
| | § | JURY |
| SOUTHWEST CREDIT SYSTEMS, LP, | § | |
| Defendant. | § | |

**DEFENDANT SOUTHWEST CREDIT SYSTEMS' REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT AND EXTENSION OF TIME TO FILE ITS ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Southwest Credit Systems, L.P., ("Southwest" herein), and files its Response to Plaintiff's Brief in Opposition to Its Motion for a More Definite Statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and would respectfully show unto the Court as follows:

**I.
ARGUMENT AND AUTHORITIES**

**A. Southwest's Ability to Form a Proper Answer is Impeded by Plaintiff.**

The authority Plaintiff cites to support his response effectively defeats his own argument to deny Southwest's motion. Plaintiff states "when a defendant is complaining of matters that can be clarified and developed during discovery, **not matters that impede his ability to form a responsive pleading**, an order directing the plaintiff to provide a more definite statement is not warranted." Doc. 7 at 2 (citing *Hoffman v. Cemex, Inc.*, 2009 WL 482524, at *3 (S.D. Tex. Dec. 8, 2009) (emphasis added). Without the relevant information, Southwest cannot file an accurate responsive pleading.

Plaintiff then argues that its pleading's information "is enough to frame a denial of

**DEFENDANT SOUTHWEST CREDIT SYSTEMS' REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT AND EXTENSION OF TIME TO FILE ITS ANSWER** – **Page 1**
M:\220.0000 Southwest Credit Systems LP\220.0005 Matthew Fisher v. Southwest Credit Systems, LP\Pleadings\2200005.Reply to Plaintiff's response on Motion for more definite statement.docx

[Plaintiff's] allegations that can be amended later without penalty, if necessary." However, this logic is flawed for two reasons: 1) it ignores Fed. R. Civ. P. 15(a)(1), and 2) it ignores judicial economy. Fed. R. Civ. P. 15(a)(1) states that a party may amend its pleading once as a matter of course within 21 days after serving it. Plaintiff's proposition that Southwest can deny his allegations and just amend later without penalty fails because if Southwest were to prepare discovery, wait 30 days then receive Plaintiff's discovery responses for the information to amend its answer, it would be well past the 21 day deadline to amend its answer. Then in the interest of judicial economy, Southwest should not be forced to go through filing an answer that may need to be amended (which amending would be next to impossible to do under Fed. R. Civ. P. 15(a)(1)) and preparing discovery for one simple fact Plaintiff is withholding that could potentially resolve this litigation. In short, Southwest should not be required to file an answer that would likely need amending, and having to go through discovery to file an accurate answer, all at Southwest's cost is unduly expensive and burdensome. This is especially true since the information is readily and easily available to Plaintiff's counsel.

**B. Plaintiff's Conditional Offer Exposes Southwest to FDCPA Liability to a Third Party.**

Plaintiff argues that his condition to provide the cellular telephone number if Southwest produced the phone logs of every call to that number was reasonable. Doc. 7 at 3-4. Plaintiff states that he advised that he "would exclude from any claim unlawful calls placed going forward from August 22, 2013." *Id*. at 4. Plaintiff then states "Southwest chose to reject Plaintiff's offer and its current complaint rings hollow." *Id*. In reality, Southwest chose to reject Plaintiff's proposition for Southwest to subject itself to liability under FDCPA § 1692c(b). FDCPA § 1692c(b) states "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably

necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b). In this case, Plaintiff and his attorney are third parties to whoever's account Southwest was calling. If Southwest disclosed account information such as call logs to Plaintiff and his counsel it would make a live claim for the unknown person under 15 U.S.C. § 1692c(b) against Southwest.

**C. The Local Rules Call for Cooperation from Plaintiff's Counsel.**

Local Rule AT-3 for the Eastern District of Texas contains two provisions that apply in this situation. Local Rule AT-3(C) states "[a] lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves." Local Rule AT-3(K) states "[i]f a fellow member of the bar makes a just request for cooperation… a lawyer will not arbitrarily or unreasonably withhold consent."  Both of these provisions within the Eastern District's local rules were seemingly disregarded and this disregard led to the filing of the Southwest's Motion for a More Definitive Statement and Extension of Time to File Answer. Southwest believes LR AT-3(C) would require the courtesy and cooperation of Plaintiff's counsel to simply provide the telephone number at issue to allow it to file an answer not requiring a later amendment pursuant to discovery responses. Plaintiff also ignoresd LR AT-3(J) as Southwest has made a just request for cooperation in this litigation for Plaintiff's counsel to simply disclose the telephone number and let litigation proceed in a normal fashion. Rather, Plaintiff's counsel to erect this roadblock, impede Southwest's ability to form a responsive pleading, raise the costs of litigation and file its Motion.

## II.
## CONCLUSION

Plaintiff has two options to easily resolve these matters: 1) amend his Original Complaint or 2) provide Southwest with the cellular telephone number without the unreasonable contingency previously proposed. Plaintiff's intentional lack of including the cellular telephone number in his Complaint impedes Southwest's ability to properly form its Answer. A more definitive statement would resolve this issue. This would also prevent Southwest from having to file an answer based on insufficient knowledge and have to request leave from this Court to amend it after the Fed. R. Civ. P. 15(a) deadline.

On the other hand, if Plaintiff would simply and informally disclose the cellular telephone number to Southwest, Plaintiff's "significant privacy interest" would be preserved more so than having the number disclosed within his Original Complaint as public record. Doc. 7 at 3-4. In conclusion, Plaintiff offers illogical arguments and proposals within his Brief in Opposition to Defendant's Motion for a More Definite Statement and Extension of Time to File Its Answer. This Court should grant Southwest's Motion.

WHEREFORE, PREMISES CONSIDERED, Southwest Credit Systems, L.P. respectfully prays this Court grant its Motion, extend its time to file its answer, and award any other relief, whether at law or in equity, justly entitled.

Respectfully submitted,

[SIGNATURE BLOCK ON FOLLOWING PAGE]

          **ROBBIE MALONE, PLLC**

          /s/ Robbie Malone
          ROBBIE MALONE
          State Bar No. 12876450
          Email: rmalone@rmalonelaw.com
          XERXES MARTIN
          State Bar No. 24078928
          Email: xmartin@rmalonelaw.com
          DREW JONES
          State Bar No. 24083269
          Email: djones@rmalonelaw.com
          ROBBIE MALONE, P.L.L.C.
          Northpark Central, Suite 1850
          8750 North Central Expressway
          Dallas, Texas   75231
          TEL: (214) 346-2630
          FAX: (214) 346-2631

          *COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via ECF on this 16th day of October, 2013 to:

**Jody B. Burton**
Lemberg & Associates, LLC
1100 Summer Street, 3rd Floor
Stamford, CT  06905
(203) 653-2250
(203) 653-3424
jburton@lemberglaw.com

          /s/Robbie Malone