IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MATTHEW FISHER,<br>　　　Plaintiff,<br>v.<br>SOUTHWEST CREDIT SYSTEMS L.P.,<br>　　　Defendant. | § § § § § § | CASE NO.<br>4:13-cv-00479 |

### AFFIDAVIT OF JEFF HAZZARD

STATE OF TEXAS

COUNTY OF DENTON

BEFORE ME, the undersigned authority, on this day personally appeared Jeff Hazzard, known to me to be the person whose name is subscribed on this instrument and, having been first duly sworn, upon her oath deposes and states as follows:

1. My name is Jeff Hazzard. I am the Chief Information Officer for Southwest Credit Systems, L.P. I am over the age of eighteen (18) years, have never been convicted of a felony or a misdemeanor of moral turpitude and am fully competent and qualified to make this Affidavit. I have personal knowledge of all of the facts set forth in this Affidavit and all facts and statements contained herein are true and correct of my own personal knowledge.

2. Southwest Credit Systems, L.P. is a debt collection agency located in Carrollton, Texas. Southwest Credit Systems, L.P. collects consumer debts for clients.

3. I am custodian of records maintained at Southwest Credit Systems, L.P.

4. Southwest Credit Systems, L.P. tracks each telephone call and attempted call it makes to consumers and provides a description as to whether contact was made or whether a voice message was left.

5. These documents are kept in the regular course of business, and it is the regular course

of our business, with knowledge of the act, event, condition, or opinion to make the record or to transmit information thereof to be included in this record; and the record was made at or near the time or reasonably soon thereafter.

6. I performed a search of our computer records and all dialed numbers.

7. Southwest Credit Systems, L.P. attempts to collect debts by calling the telephone numbers it has in its records.

8. Southwest Credit Systems, L.P. records reflect that Southwest Credit Systems, L.P. never attempted to contact the telephone number 214-882-3474.

9. Southwest Credit Systems, L.P. has no account with Plaintiff Matthew Fisher.

10. Southwest Credit Systems, L.P. did not place any telephone calls to Plaintiff for the purposes of harassment.

11. Southwest Credit Systems, L.P never received any written correspondence from Plaintiff requesting debt collection efforts to cease.

12. Southwest Credit Systems, L.P. does not use an automated telephone dialing system ("ATDS") as defined by the TCPA.

13. The system Southwest Credit Systems, L.P. uses does not employ equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator. Further, it does not employ a random or sequential number generator.

14. The system Southwest Credit Systems, L.P. uses to call cell phones does not employ an artificial or prerecorded voice.

Signature: _____

Name: __Jeff Hazzard__

Title: __CIO__


SWORN TO AND SUBSCRIBED before me, a Notary Public, on this the 25th day of __April__, 2014.

_____

JULIET M. ROBISON
Notary Public, State of Texas
My Commission Expires
September 19, 2016

AFFIDAVIT OF JEFF HAZZARD 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

Matthew Fisher,

          Plaintiff,

v.

Southwest Credit Systems, L.P.,

          Defendant.

Civil Action No.: 4:13-cv-00479-RC

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

**PLEASE TAKE NOTICE** that Plaintiff, Matthew Fisher, hereby responds to Defendant Southwest Credit System, L.P.'s First Set of Interrogatories.

## GENERAL RESPONSES AND OBJECTIONS

The following general responses and objections are incorporated by reference in the Plaintiff's responses to each and every demand:

These responses are made without waiver of, and with specific reservation of:

1.    All objections as to competency, relevancy, materiality, privilege and admissibility of any document and the subject matter thereof as evidence for any purpose in any further proceedings in this action (including trial of this action) and in any other action;

2.    The right to object to the use of any document, or the subject matter thereof, on any ground in any further proceedings in this action (including trial) and in any other action;

3.    The right to object on any ground at any time to a demand or request for further documents to these or any other document requests, or discovery proceedings involving or relating to the subject matter of the requests for production herein responded to;

4. The right at any time to revise, correct, add to, supplement, or clarify any of the responses contained herein up to and including the time of trial;

5. The attorney-client or work product privileges.

6. The Plaintiff further objects to each demand to the extent that it seeks documents not in the possession, custody or control of the Plaintiff.

7. Plaintiff objects to the definitions set forth by Defendant as overbroad and vague. Plaintiff responds to the interrogatories in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

## INTERROGATORY RESPONSES

**INTERROGATORY NO. 1:** State the full name, date of birth, driver's license number and current residence of the person or persons answering these Interrogatories.

**ANSWER:** Plaintiff, Matthew Fisher. Plaintiff's date of birth is November 14, 1969. Plaintiff's driver's license number is 13534169. Plaintiff currently resides at 3209 Valley Forge, McKinney, Texas.

**INTERROGATORY NO. 2:** Do you possess evidence or knowledge which can be used to impeach Defendant or any other person identified by Defendant as a person with knowledge of relevant facts, with evidence of a criminal conviction, as described in Rule 609 of the Federal Rules of Evidence? If so, please describe in detail such evidence, giving the name of the accused, nature of conviction and charges on which convicted, year of conviction and whether or not parole has been successfully completed or pardon granted.

**ANSWER:** No.

**INTERROGATORY NO. 3:** State the nature of your actual damages.

**ANSWER:** Plaintiff suffered emotional distress resulting from Defendant's actions.

**INTERROGATORY NO. 4:** Identify what actions you have taken to mitigate damages, if any.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it calls for a legal conclusion outside the scope of Plaintiff's personal knowledge.

**INTERROGATORY NO. 5:** Please state the factual basis for your contention which support your claim that you have suffered damages.

**ANSWER:** Plaintiff objects to this Interrogatory as vague, ambiguous, and ill-defined.

**INTERROGATORY NO. 6:** Identify all documents which you have been requested to produce in any request for production, propounded upon you in this case, which are no longer in your possession, custody or control.

**ANSWER:** None.

**INTERROGATORY NO. 7:** If you have been a party to a lawsuit ("lawsuit" includes a small claim, civil, criminal, divorce, child custody or other action filed in any municipal, state or federal court) in the past 10 years, state the style, cause or case number, and court in which the lawsuit was filed, a brief description of the lawsuit, and whether you were a Plaintiff or Defendant.

**ANSWER:** Excluding the present case, Plaintiff has not been a party to a lawsuit in the

past 10 years.

**INTERROGATORY NO. 8:** Please state your entire criminal history, including but not limited to all arrests, convictions, indictments, deferred adjudications, probations and prison time. If Plaintiff has no criminal history, please state as such.

**ANSWER:** None.

**INTERROGATORY NO. 9:** Identify specifically any and all documents, photographs, audiotapes, records or reports in your custody or under your control which support your claim that you have suffered damages.

**ANSWER:** Plaintiff objects to this Interrogatory as overbroad and to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Without waiving such objections, Plaintiff responds that he has subpoenaed his cellular telephone records and will supplement this response.

**INTERROGATORY NO. 10:** Please identify the cellular phone number you allege Defendant made contact with Plaintiff.

**ANSWER:** (214) 882-3474.

**INTERROGATORY NO. 11:** Please state the factual basis of your contention which support your claim that you have suffered damages.

**ANSWER:** Plaintiff objects to this Interrogatory as cumulative and duplicative of Interrogatory No. 5. Without waiving such objections, Plaintiff responds: please see response to

Interrogatory No. 5.

**INTERROGATORY NO. 12:** State the factual basis of your contention that Defendant violated 15 U.S.C. §1692d of the FDCPA, engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt, as alleged in Plaintiff's Complaint.

**ANSWER:** Defendant placed numerous calls to Plaintiff's cellular telephone in an attempt to collect a consumer debt from another person. Plaintiff informed Defendant that the person it was attempting to contact could not be reached at his phone number, but Defendant continued to place collection calls to Plaintiff.

**INTERROGATORY NO. 13:** State the factual basis of your contention that Defendant violated 15 U.S.C. §1692d(5) of the FDCPA, by causing a phone to ring repeatedly and engaging the Plaintiff in conversation with the intent to annoy and harass, as alleged in Plaintiff's Complaint.

**ANSWER:** Please see response to Interrogatory No. 12.

**INTERROGATORY NO. 14:** State the factual basis of your contention that Defendant violated 15 U.S.C. §1692f of the FDCPA , by using unfair or unconscionable means in connection with the alleged debt, as alleged in Plaintiff's Complaint.

**ANSWER:** Please see response to Interrogatory No. 12.

**INTERROGATORY NO. 15:** State the factual basis of your contention that Defendant violated Telephone Consumer Protection Act, as alleged in Plaintiff's Complaint.

**ANSWER:** Without Plaintiff's consent, Defendant placed numerous calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or an artificial or prerecorded voice.

**INTERROGATORY NO. 16:** State the factual basis of your contention that Defendant violated 47 U.S.C. §227(b)(1)(iii) of the TCPA, by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone, as alleged in Plaintiff's Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory as cumulative and duplicative of Interrogatory No. 15. Without waiving such objections, Plaintiff responds: please see response to Interrogatory No. 15.

**INTERROGATORY NO. 17:** Please describe all telephone conversations Plaintiff had with Defendant which supports Plaintiff's allegations that Defendant violated the Telephone Consumer Protection Act, as alleged in Plaintiff's Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it seeks information already in the possession or control of Defendant. Without waiving such objection, Plaintiff responds that each and every automated call placed to his cellular telephone number was in violation of the Telephone Consumer Protection Act, as Defendant did not have Plaintiff's consent to place automated calls to that number.

**INTERROGATORY NO. 18:** Identify specifically any and all documents, photographs, audiotapes, records or reports in your custody or under your control which support your representation that Defendant contacted Plaintiff multiple times on or about July 2, July 18, July 29 and July 30, as alleged in Plaintiff's Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory as overbroad and to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Without waiving such objections, Plaintiff responds that he has subpoenaed his cellular telephone records and will supplement this response.

**INTERROGATORY NO. 19:** Identify by name address and telephone number any and all doctors, psychiatrists, psychologists, psychotherapists, and/or medical providers who have treated you for the symptoms of stress and/or mental anguish in Plaintiff's Original Petition.

**ANSWER:** None.

**INTERROGATORY NO. 20:** If you likely will require medical and/or psychiatric treatment in the future with respect to the symptoms of stress and/or mental anguish alleged in Plaintiff's Original Petition, state the name and address of each person who has advised you that you will likely require medical and/or psychiatric treatment in the future, the treatment you will likely receive, the date such treatment will likely be received, and the cost of such future medical and/or psychiatric treatment.

**ANSWER:** N/A.

**INTERROGATORY NO. 21:** Identify specifically the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**ANSWER:** Plaintiff and his wife, Amber Fisher, have knowledge regarding Defendant's calls to Plaintiff's cellular telephone. Mr. and Mrs. Fisher may be contacted through counsel.

Dated: January 24, 2014

                                            */s/ Jody B. Burton*
                                            Jody B. Burton
                                            LEMBERG LAW, LLC
                                            A Connecticut Law Firm
                                            1100 Summer Street, 3rd Floor
                                            Stamford, CT 06905
                                            Telephone: (203) 653-2250
                                            Facsimile: (203) 653-3424

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on January 24, 2014, a true and correct copy of the foregoing was sent via first class mail, postage pre-paid, to the following party:

Robbie Malone, Esq.
8750 N. Central Expressway
Northpark Central, Suite 1850
Dallas, TX 75231

                                                 /s/ *Jody B. Burton*
                                          Jody B. Burton, Esq.

DefApps0012